CAMILLO COLALUCA vs. SOCIETA COOPERATIVA DI MUTUO
SOCCORSO FRATELLI BANDIERA.

FEBRUARY 18, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Mutual Benefit Societies.  By-Laws.  Corporate Powers.*

The by-laws of a mutual benefit association, incorporated under Gen. Laws,
cap. 176, § 11, provided that the board of directors should provide ways
"for the regular functions of the society's funds," and for the security of the
money, depositing it either in a bank or in a safe place kept by the treasurer;
that all funds should be deposited in the safe or in such place as the directors
should deem best for its safety.   On the issue as to the right of the society to
invest in real estate:—

*Held,* that the by-laws were restrictions on the possession of the funds by the
treasurer, and were not intended to control the corporation respecting the
use of its corporate powers as to the method of the investment of its assets;
and as the statute conferring the power to invest in real estate was in exist-
ence at the time of the making of the articles of association, their agreement
contemplated the receipt of this power and the positive provision of the
statute conferred it on them.

(2)  *By-Laws Restricting Corporate Powers.*

By-laws are only a means of regulating corporate powers, not of surrendering
or suspending them, and their surrender or suspense will not be implied.
There must be an express renunciation of the power, and it is questionable
if such a renunciation is within the corporate power.

BILL IN EQUITY.   Heard on certification under C. P. A.,
§ 338.

BLODGETT, J.   This is a bill in equity brought by Camillo
Colaluca, a member of the respondent society, against the cor-
poration and its president, treasurer, and financial secretary,
respectively, asking that the respondent, its agents and ser-
vants, be restrained and enjoined from purchasing real estate
with the funds of the society, or converting the funds of the
society from cash into any other form of property.

The respondent society is a mutual benefit association,
incorporated and organized June 16th, 1900, under section 11
of chapter 176 of the General Laws, "for the purpose of the

mutual aid and assistance of its members in sickness and death, and for social and literary purposes, in accordance with law." The by-laws adopted in 1900, and now in force, provide for the payment of sick, death, and old-age disability benefits by the society. As to the funds of the society, certain by-laws, which are in the Italian language, are claimed by the complainant to provide as follows:

" Article 67. The Board of Directors shall provide ways for the regular functions (pel regolare funzionamento) of the society's funds and for the security of the money *depositing* it either in a bank or in a safe kept by the treasurer, and locked with three keys, and at every slight suspicion shall make an examination in order to ascertain the amount of money held by the treasurer, which shall not exceed fifty (50) dollars."

Article 76, after enumerating the duties of the treasurer, sets forth that he (the treasurer) shall not hold in his possession, in cash, a large sum, all funds having to be *deposited* in the safe, or in such place as the board of directors shall deem best for its safety.

Article 90 of the by-laws reads as follows: " The present constitution (statuto) read and considered in public meeting is by us, all the members, declared as our immutable law respecting its every article, and as such is by us all subscribed and approved."

(1)     While the foregoing provisions as to the society's funds were in full force and effect, an attempt was made, against the objection of the complainant, to invest part of the society's money in the purchase of real estate, whereupon the complainant brought his bill of complaint.

The respondent corporation and its president, one Antonio Aiello, have answered the bill and a decree *pro confesso* has been entered against the other respondents. The answer avers that the corporation has by general law the right to purchase and hold real estate, and that the by-laws quoted above are regulations concerning the custody of cash while in the possession of the treasurer and not a prohibition upon the purchase of real estate if, in the opinion of its governing board (Il Consiglio d'amministrazione), it shall be deemed for the

best interests of the society to do so. It is not disputed that the purpose of the respondent is to expend not more than four hundred dollars of the money of the corporation in the purchase of a lot of land in the vicinity of Admiral or Hawkins street, in the city of Providence, and that it intends "to hold said lot without building thereon until such time as in the judgment of said corporation, it would be prudent, in view of its then financial condition to erect a building thereon suitable for a home for said corporation." It further appears that it now has about sixteen hundred dollars in its treasury, and that its by-laws require that it shall be located in "Eagle Park" in said Providence. The respondents further contend that article 66 of the by-laws vests in said board of directors the power to make such a purchase in providing that they shall make regulations for the financial betterment of the society (Esso formerà dei regolamenti addetti al miglioramento finanziario ed onorifico della società).

The case was set down for hearing on bill and answer in the Superior Court, and upon the following stipulation:

"1. That the respondent corporation was organized under Section 11 of Chapter 176 of the General Laws, for the purpose of the mutual aid and assistance of its members in sickness and death, and for social and literary purposes, in accordance with law.

"2. The only question arising on said bill and answer is: Has the respondent corporation in view of its by-laws, as the same are set forth in the bill and answer, power to purchase real estate?"

After hearing for final decree in the Superior Court, the case was certified for the determination of this court, under C. P. A., § 338.

We are of the opinion that the by-laws referred to in the bill are to be considered as regulations concerning the care and custody of the cash of the corporation, and are not a prohibition upon the power of the corporation as to the method of investment of its assets.

(2) The statute conferring the power to purchase real estate was in existence at the time of the making of the articles of associa-

tion, and it must be assumed that it was in the contemplation of the incorporators when they filed their articles in the office of the Secretary of State. Their agreement contemplated the receipt of this power, and the positive provision of the statute conferred it on them. The by-laws are only a means of regulating the corporate powers, not of surrendering or suspending them. Their surrender or suspense will not be implied. There must be an express renunciation of the power, and it is questionable if such a renunciation is within the corporate power. A by-law renouncing the power might well be thought in conflict with the general laws of the State. By-laws are properly restrictions on the manner of the use of the corporate powers.

The by-laws relied upon by the complainant are not intended to control the corporation in this respect at all. They are restrictions on the possession of the treasurer. They are commands to him as to the custody and disposition of the money until the board of directors provide a way for its "regular function" under article 67. It appears from the answer that the corporation already has invested some of its money in certain personal property, which it holds for the purpose of sale to its members. This is a practical construction of the by-laws relied upon by the complainant. It is a construction by the corporation itself. By it, it is stated by the members of the corporation that it has power to invest its money in personal property to some extent, at least, and there is as much restraint upon the power of the corporation to invest its money in personal property as there is to invest it in real estate.

The cause is remanded to the Superior Court, with direction to enter a decree dismissing the bill.

*A. A. Capotosto,* for complainant.
*Comstock & Canning,* for respondent.
*John E. Canning, and Patrick P. Curran,* of counsel.